**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GARY M. WEBER and MARTIN J. WEBER,

        Plaintiffs,

v.                                                                                            No. CIV 00-648 BB/KBM

RIO ARRIBA COUNTY, NELSON CORDOVA,
MARTIN TRUJILLO, MANUEL VALDEZ, and
VICTOR ALVAREZ,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

        THIS MATTER comes before the Court for consideration of Defendant Martin Trujillo's ("Defendant") motion for summary judgment based on qualified immunity (Doc. 4). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the summary-judgment motion will be denied.

        This case arises out of an incident in which Defendant charged each Plaintiff with negligent use of a firearm and confiscated weapons, ammunition, and beer as evidence of the charges. Plaintiffs maintain the charges and confiscations were unconstitutional, and have filed this lawsuit raising five claims: (1) unreasonable search and seizure; (2) unconstitutional malicious abuse of process; (3) state-law violation of property rights; (4) state-law malicious abuse of process; and (5) failure to train. Defendant maintains the undisputed facts elicited in this case show he is entitled to qualified immunity.

        To determine whether an officer is entitled to qualified immunity, the Court must first determine whether the plaintiff has asserted the violation of a constitutional right at all, and then must decide whether that right was clearly established at the time of the incident. *Taylor v. Meacham*, 82

F.3d 1556, 1559 (10th Cir. 1996). In the context of cases such as this one, involving a claim of lack of probable cause, an officer is entitled to qualified immunity if a reasonable police officer could have believed that probable cause existed to charge the plaintiff with an offense. *McFarland v. Childers*, 212 F.3d 1178, 1186 (10th Cir. 2000). Probable cause exists if the facts and circumstances within the officer's knowledge are sufficient to lead a prudent person to believe the plaintiff had committed an offense. Id. Furthermore, since this case is at the summary-judgment stage, the standard for granting summary judgment must be kept in mind. "Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." Id. On a motion for summary judgment, the issue is "not whether [the court] thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "Nevertheless, a jury question does not exist because of the presence of a mere scintilla of evidence; rather, there must be a conflict in substantial evidence to create a jury question." Walker v. NationsBank of Florida, 53 F.3d 1548, 1555 (11th Cir. 1995).

**Whether Plaintiffs Have Asserted a Constitutional Violation:** The two constitutional claims raised by Plaintiffs' complaint are a claim for unreasonable search and seizure and a malicious abuse of process claim. As applied to this case, the claims are essentially the same. This is so

because malicious prosecution[1], standing alone, is not a constitutional violation. *See Taylor*, 82 F.3d at 1561. Instead, the act of malicious prosecution must cause a violation of the Fourth Amendment in order to be actionable as a constitutional claim under § 1983. *Id.* The bottom-line question in this case, therefore, is whether a violation of the Fourth Amendment has occurred.

The only possible Fourth Amendment claim in this case arises from Defendant's seizure of Plaintiffs' guns, ammunition, and beer. This is so because neither Plaintiff was arrested or was deprived of liberty in any way that is constitutionally significant. Each Plaintiff was merely told charges would be filed and they would have to appear in magistrate court. *See Britton v. Maloney*, 196 F.3d 24, 29 (1st Cir. 1999) (absent evidence the plaintiff was arrested, detained, restricted in his travel, or otherwise subjected to a deprivation of his liberty before the charges against him were dismissed, the fact that he was given a date to appear in court was not sufficient to establish a seizure within the meaning of the Fourth Amendment). The filing of the charges alone, therefore, cannot constitute a violation of the Fourth Amendment.

With respect to the seizure of Plaintiffs' property, however, there is ample authority for the proposition that such seizure can result in a viable Fourth Amendment claim. *See, e.g., Williamson v. Bernalillo County Sheriff's Dep't*, 1997 WL 575812 (10th Cir.) (Fourth Amendment determines whether deputies were authorized to seize plaintiffs' truck; possessory interests are protected by that Amendment); *Winters v. Bd. of County Comm'rs*, 4 F.3d 848 (10th Cir. 1993) (analyzing propriety, under Fourth Amendment, of seizure of ring by police officer); *see also Fox v. Van Oosterum*, 176 F.3d 342, 350 (6th Cir. 1999) (Fourth Amendment protects property as well as privacy). In this case,

---

[1] Plaintiff has termed this claim a malicious abuse of process claim, rather than a malicious prosecution claim, presumably because the New Mexico Supreme Court has combined the two causes of action into one and called the resulting cause of action "malicious abuse of process." *DeVaney v. Thriftway Marketing Corp.*, 953 P.2d 277 (N.M. 1997). The Court will use "malicious prosecution" to describe the claim because federal case law follows that practice.

3

therefore, if Plaintiffs are able to establish the seizure of their property was unlawful, they will have proved a violation of the Fourth Amendment.

**Whether Defendant Is Entitled to Qualified Immunity:** With respect to the lawfulness of the seizure, the only issue raised by Defendant, and argued by the parties, is whether Defendant had probable cause to believe Plaintiffs had committed the crime of negligent use of a deadly weapon. If so, as Plaintiffs apparently concede, Defendant's seizure of the weapons, ammunition, and beer as evidence of the charges would be constitutional. *See generally United States v. Soussi*, 29 F.3d 565, 570 (10th Cir. 1994) (police officer may properly seize evidence of a crime without a warrant if, among other requirements, the officer had probable cause to believe the object was evidence of a crime). As charged in this case, the elements of the negligent-use-of-a-deadly-weapon offense are carrying a firearm while under the influence of an intoxicant, namely alcohol.

There is no dispute that the "carrying" element was met in this case, since Plaintiffs had several firearms in the cab of the pickup, in close proximity to either Plaintiff. *See* NMSA 30-7-1 (Repl. Pamp. 1994) (defining "carrying a deadly weapon"). In support of his contention that he had probable cause to believe Plaintiffs had carried deadly weapons while under the influence of alcohol, Defendant points to the following evidence: (1) When Defendant asked Gary Weber if Plaintiffs had been drinking, Gary told Defendant he had one beer earlier that morning, and Martin Weber also drank one; (2) witnesses in the other vehicle told Defendant they had seen Gary empty out a beer container after the accident; (3) Gary's breath smelled of alcohol and his speech was slightly slurred; (4) Defendant administered a field sobriety test to Gary, and Gary failed some of the tests; and (5) twelve of the beer containers were missing from the 24-pack of beer that was in the bed of the truck.

Even if the above facts were uncontested, one fact is immediately and glaringly obvious: there is no evidence that Martin was under the influence of alcohol at all, at any time. Defendant performed

no field sobriety test on Martin, and there is no evidence that he acted like he was under the influence, smelled like he had recently consumed alcohol, or appeared anything other than sober. The only evidence supporting Defendant's citation of Martin for negligent use of a deadly weapon was Gary's statement that he and Martin had both had a beer to drink earlier.[2] Defendant attempts to inflate this admission into probable cause by asserting that the "I only one had one beer officer" answer has "long been deemed a fallacy," and that he drew the reasonable conclusion that Plaintiffs were out hunting for elk, drinking a few beers as they drove around. The problem with this "reasonable conclusion" is, there is no evidence to support it. The missing twelve beers could have been consumed at any time. There was hearsay evidence only that Martin drank one beer, earlier that morning. Without a field sobriety test, or other evidence of intoxication, there was no evidence to support a conclusion that Martin had ever been under the influence of alcohol while he carried a firearm.[3] Even if he had consumed one beer, that is not sufficient to show that, by drinking that one beer at some unspecified earlier time, he was affected to the extent necessary to lessen his ability to safely use a firearm. Defendant's charge against Martin, therefore, was completely unsupported by probable cause, and no reasonable officer could have believed there was probable cause for the charge or for a seizure of

---

[2]Defendant argues that the witnesses in the other vehicle saw both Plaintiffs empty beer cans after the accident; however, the witnesses' written statements all say the driver of Plaintiffs' vehicle, or Gary, was the one who emptied a beer can or beer cans. At the very least, therefore, there is a fact issue as to whether Martin emptied any container following the accident.

[3]New Mexico courts have defined "under the influence," for purposes of the negligent use of a deadly weapon offense, to mean that, by virtue of having consumed alcohol, the person's ability to handle a deadly weapon with safety has been lessened to the slightest degree. *State v. Rivera*, 853 P.2d 126, 132 (N.M. App. 1993). This is the same standard used for determining whether a person is "under the influence" for purposes of New Mexico's driving-while-intoxicated statute. *Id.*

5

property belonging to Martin. Defendant's request for qualified immunity as to Martin's property, therefore, will be denied. *See McFarland*.[4]

As to Gary, if the evidence cited by Defendant was uncontradicted, there was clearly probable cause to charge him with being under the influence of alcohol while carrying a firearm. However, as Plaintiffs point out, the evidence is not uncontradicted. Although the witnesses claimed they had seen Gary empty a beer container after the accident and put the empty container in the bed of the truck or on the ground, Defendant testified in his deposition that he found no such empty beer container anywhere in the vicinity of Gary's truck. Defendant did not notice any slurred speech or odor of alcohol when he first spoke with Gary, and only claimed to do so after speaking with the occupants of the other vehicle and then discovering Gary had consumed a beer earlier that morning.

Gary's alleged failure of the field sobriety tests is the strongest support for probable cause. Although Gary disputes the validity of the tests, pointing out that the balance tests were performed on a rutted, snowy, icy dirt road, if Defendant in good faith believed Gary had failed the test that alone would provide probable cause to believe he was under the influence of alcohol. However, there is powerful evidence that Defendant did not believe Gary had failed the test – Defendant allowed Gary to drive off in the truck, without any objection. A reasonable officer who administers a field sobriety test, which the subject fails, would not then allow the subject to drive away, especially when the subject had just been involved in an accident. The fact that Defendant did allow Gary to drive, therefore, is evidence that Defendant did not in fact believe Gary had failed the sobriety test.

---

[4] At this point the parties have not addressed the issue of which property belonged to which Plaintiff. In addition, if Defendant was not aware which firearm or firearms belonged to which Plaintiff, he may have been justified in seizing all the firearms even if there was probable cause to charge only one Plaintiff with the offense. Since the parties have not addressed this issue and, as discussed below, there are disputed facts as to the probable-cause issue with respect to Gary, the Court does not attempt to resolve this question.

Furthermore, Gary's affidavit indicates that he passed the field sobriety test, and he and Martin both had their blood tested at a hospital early that afternoon, with normal results. These pieces of evidence, while not directly relevant to Defendant's state of mind at the time he decided to charge Gary, are at least some evidence tending to support Gary's assertion that he did not in fact fail the field sobriety test. In his deposition, Defendant attempted to explain why he allowed Gary to drive, despite his alleged failure of the sobriety test, by stating that the standard for driving while intoxicated is higher than the standard for negligent use of a firearm. In other words, Defendant believed a person can be more under the influence, and still legally drive a vehicle, than the person could be and still legally carry a firearm. As noted above, this belief is not true. *See Rivera,* 853 P.2d at 132.

Taken in conjunction, the disputed facts of this case, including Defendant's charge against Martin despite the lack of any evidence Martin was under the influence of alcohol, as well as Defendant's belief that Gary was not sufficiently under the influence to prevent him from driving, raise a genuine issue of material fact as to whether a reasonable officer would have believed there was probable cause to charge Gary with negligent use of a deadly weapon. One possible explanation based on these facts, for example, is that Defendant mistakenly believed it was a violation of law to have consumed any alcohol whatsoever and to then carry a firearm, and charged both Plaintiffs as a result of that belief. No reasonable police officer who was aware of New Mexico law could have believed this. Therefore, there is a genuine issue of material fact as to whether Defendant is entitled to qualified immunity with respect to his seizure of Gary's property as evidence of a crime. *See Cottrell v. Kaysville City, Utah*, 994 F.2d 730, 734 (10th Cir. 1993) (where plaintiff disputed assertion that she had failed field sobriety tests, and that she had been driving erratically, summary judgment was improper on issue of probable cause to arrest plaintiff).

**Conclusion**

As discussed above, there was no evidence that Martin was under the influence of alcohol while he carried a firearm. In addition, there is disputed evidence as to whether a reasonable officer would have believed he had probable cause to charge Gary with that offense. Therefore, Defendant is not entitled to summary judgment on the qualified-immunity issue. His motion requesting qualified immunity (Doc. 4) will therefore be denied.

**ORDER**

A Memorandum Opinion having been entered this date, it is hereby ORDERED that Defendant's motion for summary judgment based on qualified immunity (Doc. 4) be, and hereby is, DENIED.

Dated this 23rd day of July, 2001.

_____
BRUCE D. BLACK
United States District Judge

**ATTORNEYS**:

**For Plaintiff**:
Herbert M. Silverberg
318 Solano Drive S.E.
Albuquerque, New Mexico 87108

**For Defendant**:
R. Galen Reimer, Esq.
Gallagher, Casados & Mann, P.C.
317 Commercial N.E., Second Floor
Albuquerque, New Mexico 87102